UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRIAN DAVID KANE,

        Petitioner,                      Case No. 2:06-cv-274

v.                                              Honorable R. Allan Edgar

LINDA M. METRISH,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. A report and recommendation was issued on January 29, 2007, which recommended dismissal for lack of merit. Plaintiff filed objections and on February 14, 2007, the court referred the case back to the undersigned for further review pursuant to the United States Supreme Court's holding in *Cunningham v. California*, 127 S. Ct. 856 (2007). The undersigned has reviewed the issue and determines that the holding in *Cunningham* has no effect on the recommendation in this case.

        In *Cunningham*, the court held that California's determinate sentencing law, by placing the sentence elevating factfinding within the judge's province, violated the Sixth and Fourteenth Amendments. *Id.* As noted in the report and recommendation, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and maximum term. The maximum term is not determined by the trial judge, but is set by law. *See*

*People v. Drohan*, 715 N.W.2d 778 (Mich. 2006). Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme does not infringe on the province of the finder of fact. Accordingly, the undersigned recommends that the habeas corpus petition be summarily dismissed pursuant to Rule 4 as stated in the January 29, 2007, report and recommendation.

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 2, 2007

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).